IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FED. INS. CO., ET AL.,<br><br>Plaintiff,<br><br>v.<br><br>EMPRESAS SABAER, INC., ET AL.,<br><br>Defendant. | CIV. NO.: 12-1113(GAG/SCC) |

**CERTIFICATION OF FACTS**

On September 18, 2013, the Court granted Plaintiffs' motion for contempt against non-party BBS Developers, S.E., for failing to respond to a subpoena. Docket Nos. 111, 113. At that point, the subpoena was already nearly a year old, but BBS had never responded. *See* Docket No. 111, at 1. In response to the motion for contempt filed by Plaintiffs, BBS finally objected to the production of certain documents on confidentiality and privilege grounds. *See id.* at 4. We noted that by not timely responding to the subpoena, BBS had waived privilege;

| FEDERAL INS. v. EMPRESAS SABAER | Page 2 |
|---|---|

nonetheless, because of the importance of attorney-client privilege, we gave BBS a short term in which to produce a privilege log. *Id.* at 4–5. We also sanctioned BBS for its failure to comply with the subpoena. *Id.* at 4. The presiding district judge accepted our certification of facts and recommendations. Docket No. 113.

BBS thereafter filed a motion for reconsideration, which was referred to the undersigned. Docket Nos. 114, 115. Treating our previous certification as an order to show cause, we reiterated much of our previous reasoning. *See* Docket no. 116-1, at 2. We found that BBS had been properly served with the subpoena and had failed to respond in a timely fashion. *Id.* at 3. Again, we found that BBS had waived all of its objections to the subpoena, was in contempt, and should be sanctioned. *Id.* at 5. Again, the presiding judge accepted our certification and recommendation, denied the motion for reconsideration, and imposed sanctions against BBS. Docket No. 117.

More than a month later, Plaintiffs filed another motion for contempt, this one requesting the imposition of criminal contempt sanctions. *See* Docket No. 127. According to the motion, BBS had failed to pay the sanctions imposed against it and had failed to submit a privilege log. *See id.* at 1. Moreover,

BBS had failed to produce the documents as to which privilege had been asserted, citing a vague confidentiality privilege. *See id.* at 1–2. Upon a referral from the presiding district judge, *see* Docket No. 128, we held a hearing on Plaintiffs' motion, *see* Docket No. 135.

At the hearing, BBS responded weakly to the charges against it. Its position was that it need not respond to the previously-objected portions of the subpoena because the documents requested were irrelevant and confidential. Moreover, BBS stated that it did not need to respond because Plaintiffs had not sought an order compelling production of the disputed documents.[1] But, of course, the Court's previous

---

1. BBS also objected to some of the proceedings against it on notice grounds, but we think sufficient notice has been given. The subpoena, we previously found, was properly served on BBS. *See* Docket No. 117, at 2. The original motion for contempt, Docket No. 68, was also served on BBS pursuant to an Order from this Court. Docket No. 85. That Order was entered because even though BBS's attorney, Jorge Cruz-Jove, was receiving notifications due to his representation of Defendants, the Court wanted to ensure that un-rebuttable notice of the contempt charges was served on BBS. *See id.* at 1–2. After that notice, however, and especially given that Atty. Cruz specifically asked Plaintiffs to notice BBS through him, *see, e.g.*, Docket No. 111, at 3, and given that he thereafter responded on BBS's behalf, *see, e.g.*, Docket Nos. 90, 114, 131, 135, the Court believes that notice to Atty. Cruz through the CM/ECF system was sufficient despite his never formally entering

orders should have made it quite clear to BBS that *all* of its objections to production were waived, and that, therefore, Plaintiffs did not need any further order to make plain BBS's duty to produce *all* of the documents requested. For this reason, we ordered BBS to produce those documents within five days after the hearing. *See* Docket No. 135.

At the hearing, Plaintiffs informed the Court that their real goal was obtaining the discovery that they have been seeking for more than a year. Pursuant to the oral Order made during the hearing, that information should be promptly turned over. Accordingly, we CERTIFY[2] the above facts and RECOMMEND that the Court enter no sanctions against BBS.[3] However, BBS is warned that the deadline set during the hearing is final, and that further delay on BBS's part will not be tolerated.

IT IS SO CERTIFIED.

---

an appearance on BBS's behalf.

2. *See* 18 U.S.C. § 636(e)(6)(B) (regarding certification of facts by magistrate judges in certain contempt proceedings).

3. We believe that the facts are sufficient to support a finding of contempt: BBS failed to comply with this Court's clear Orders. Nonetheless, criminal contempt is a harsh sanction that will accomplish little under the circumstances. Justice is better served by simply requiring BBS to *promptly* comply with the Court's previous Order.

In San Juan, Puerto Rico, this 11th day of December, 2013.

S/ SILVIA CARREÑO-COLL

UNITED STATES MAGISTRATE JUDGE