IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FED. INS. CO., ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>EMPRESAS SABAER, INC., ET AL.,<br><br>Defendants. | CIV. NO.: 12-1113(SCC) |

## ORDER

The parties in this contract dispute filed cross-motions for summary judgment, and in an Memorandum and Order dated December 17, 2014, I granted Plaintiffs' motion and denied Plaintiffs'. Docket No. 196. Accordingly, judgment was entered in Plaintiffs' favor on the same date. Docket No. 197. Defendants appealed. *See* Docket No. 199. On April 13, 2015, the parties jointly filed a motion to dismiss the appeal. JOINT MOTION FOR DISMISSAL, *Fed. Ins. Co. v. Empresas Sabaer*, No. 11-1169 (1st Cir. filed April 13, 2015). On the same date, they

| FED. INS. CO. v. EMPRESAS SABAER | Page 2 |
|---|---|

jointly filed a similar motion before this court. Docket No. 210.[1]

Pursuant to the parties' motion, the First Circuit entered judgment dismissing Defendants' appeal. Docket Nos. 211, 212. The parallel motion remains pending before this Court. It informs the Court that the parties have reached an agreement "dispos[itive] of all controversies in the above captioned case, including all claims, counterclaims, final judgment and all claims for attorney's fees." Docket No. 210, at 1. It thus requests that "all pending claims . . . , counterclaims, claims for attorneys' fees, or the award entered on December 17, 2014, be dismissed with prejudice." *Id.* at 2. It is difficult to understand exactly what the parties are requesting with their motion. As they know, final judgment has been entered, and there are thus no claims or counterclaims pending. Likewise, no motion for attorneys' fees was pending at the time the parties' motion was filed. *See* Docket No. 209 (denying without prejudice Plaintiffs' motion for attorneys' fees in light of the then-pending appeal). This leaves only the December 17, 2014, judgment, but of

---

1. The parties submisssion refers to itself as a "Joint Motion for Dismissal." Docket No. 210, at 1. However, it was misfiled as a "Stipulation of Dismissal," which is how it appears on the docket. In this Order, I refer to the parties' filing as a motion, and I treat it as such.

course a judgment cannot be "dismissed with prejudice."

A judgment may, however, be vacated, and it is presumably this relief that the parties request. However, they have not filed the appropriate motion: one for vacatur under Rule of Civil Procedure 60(b). I thus DENY the parties' motion, but I do so without prejudice to their filing a Rule 60(b) motion. The parties are warned, however, that I am disinclined towards vacatur of a final judgment in the absence of a compelling justification.

If the parties choose to file a Rule 60(b) motion, then, they should start by addressing the Supreme Court's decision in *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, which held that courts of appeals may not, in the absence of "exceptional circumstances," vacate a district court judgment on account of a post-judgment settlement agreement. 513 U.S. 18, 29 (1994). In doing so, the Supreme Court suggested that a district court should consider a request for vacatur under similar circumstances under the rubric of Rule 60(b). *Id.* Subsequently, some courts of held that *U.S. Bancorp*'s "exceptional circumstances" test applies to a district court's review of its own judgments, while others have disagreed. *Compare Marseilles Hydro Power LLC v. Marseilles Land & Water Co.*, 481 F.3d 1002, 1003 (7th Cir.

2007) (holding that a district court is not "cabined by the 'exceptional circumstances' test"), *with Vertex Surgical, Inc. v. Paradigm Biodevices, Inc.*, 648 F. Supp. 2d 226, 236 (D. Mass. 2009) (applying the "exceptional circumstances" test). Perhaps more importantly, the Fourth Circuit has held that while Rule 60(b), not *U.S. Bancorp*'s test, applies to district court review of vacatur motions, these standards are nearly identical in practice. *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 117 (4th Cir. 2000) ("In the circumstances of vacatur due to mootness, however, we are satisfied that the standards . . . are essentially the same."). The bottom line is that if the parties seek vacatur of this Court's December 17, 2014, judgment, they must justify it by reference to considerations apart from mootness and the fact of settlement.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 20th day of April, 2015.

S/ SILVIA CARREÑO-COLL
UNITED STATES MAGISTRATE JUDGE